# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TRUMAINE JOHNSON, | CASE NO. 10CV0504-LAB (NLS) |
|---|---|
| Plaintiff, | **ORDER RELIEVING PLAINTIFF'S COUNSEL** |
| vs. | |
| UNIVERSITY OF SAN DIEGO, et al., | |
| Defendants. | |

Mary Prevost, counsel for Plaintiff Trumaine Johnson, has asked the Court to relieve her as counsel on two grounds: (1) Johnson has failed to communicate and cooperate with her throughout this case, and (2) Johnson has not covered the costs of bringing this case, in violation of an attorney-client agreement. Prevost represents that there has been a total breakdown of the attorney-client relationship.

The Court's Local Rule 83.3(g)(3) allows for an attorney of record to withdraw from a case if she serves notice to the adverse party and her own client *and* proves that such service was effective. Ms. Prevost has satisfied those requirements. This Court also looks to California Rule of Professional Conduct 3-700(C)(1)(d) and (f), which allows for attorney withdrawal when a client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" or "breaches an agreement or obligation . . . as to expenses or fees." The Court finds, based on Ms. Prevost's memorandum and declaration, that both of

these conditions are satisfied.  *See Hammond v. T.J. Litle and Co., Inc.*, 809 F.Supp. 156, 159 (D. Mass. 1992) ("The professional relationship, as well as the decision to dissolve it, must be guided, and in some instances governed by, the court's rules of professional conduct and by the cannons and rules of the legal profession applicable to members of the Bar admitted to practice before the court.").

      While a motion to dismiss is still pending in this case, the Court does not find that Johnson would be prejudiced by Ms. Prevost's withdrawal.  The motion was taken under submission on the papers and there is nothing for Ms. Prevost to do at this point.  The Court has begun to consider the motion, but, realistically, is at least a few weeks away from issuing a written opinion.  Ms. Prevost's motion to withdraw is therefore **GRANTED**, but her withdrawal will only become effective upon the proof of service of this Order upon her client.

      Ms. Prevost's declaration leaves the Court with the impression that Mr. Johnson has no interest in continuing to pursue this case.  He is aware of her intent to withdraw and has since stopped responding to any of her communications.  Mr. Johnson will therefore have 21 days from the date this Ms. Prevost files proof of service of this Order to obtain new counsel and/or inform the Court that he intends to proceed pro se.  If the Court does not hear from Mr. Johnson within this 21-day period, it will dismiss this case with prejudice.  The Court will stay its consideration of the pending motion to dismiss in the interim.

**IT IS SO ORDERED**.

DATED: March 15, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge